# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JESSICA ROBERTS and AMBER RUSSELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-830-TLS |
| | ) | |
| APPLE SAUCE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The parties to this litigation have reached a settlement of the remaining claim. Having reached this settlement while the matter was on appeal, this case is now before the Court on remand from the Court of Appeals [ECF No. 62] "for the limited purpose of permitting [this] court to consider the Joint Motion to Approve Settlement." *See* Fed. R. App. P 12.1.

## BACKGROUND

On December 14, 2012, the Plaintiff, Jessica Roberts, filed a complaint against the Defendants under the Fair Labor Standards Act (FLSA) seeking to recover unpaid wages, minimum wages, and overtime wages that the Plaintiff alleged were owed to her. The Defendants contested that the Plaintiff was owed any unpaid wages, minimum wages, or overtime wages. The Plaintiff alleged, in part, that the Defendants violated the FLSA when they failed to inform her and other tipped employees of the provisions of the tip credit subsection of the Act in violation of Section 3(m) of the FLSA (the Notice Claim). The Plaintiff also alleged that tipped employees were required to perform non-tip producing duties as tipped employees in violation of the FLSA (the Duties Claim). The Court dismissed the Duties Claim, and the Plaintiff appealed the dismissal. The Notice Claim was settled separately. Amber Russell is also

a Plaintiff in this litigation, having filed a notice of consent to become a party.

The Court has reviewed the Confidential Settlement Agreement and General Release [ECF No. 58], which was filed under seal for this Court's in camera review. The Settlement Agreement sets forth the parties' agreements with respect to the Duties Claim.

## ANALYSIS

Stipulated settlements in an FLSA case for the recovery of unpaid minimum wages or unpaid overtime compensation must be approved by the Court in the absence of direct supervision by the Secretary of Labor. *See* 29 U.S.C. § 216(c). The governing provision provides:

> The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

29 U.S.C. § 216(c). "[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). But "[s]ection 16(c) creates the possibility of a settlement, supervised by the Secretary to prevent subversion, yet effective to keep out of court disputes that can be compromised honestly." *Id.* Because the Secretary has not supervised this settlement, the Court must approve it.

"To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere

waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (citations, brackets, and quotation marks omitted). The reviewing Court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (quoting *Reyes v. Buddha–Bar NYC*, No. 08 CV 2494(DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

The Plaintiffs allege that the Defendants failed to comply with the tip credit provision when they required the Plaintiffs, as tipped employees, to perform an array of duties outside those of their tipped occupation as restaurant servers. The Defendants have denied any wrongdoing. Serious questions of law exist surrounding the application of the tip credit and dual jobs provisions where servers perform duties like food preparation and general cleaning around the dining room. (*See* Court's 5-13-13 Opinion at 11, ECF No. 35) (stating that "[e]volving DOL interpretation, the briefing in connection with this case, and amicus curiae submitted by the Secretary of Labor in other cases reveal the complexity of the type of claim the Plaintiff seeks to advance in this litigation."). Serious questions of fact also exist surrounding the actual amount of time spent performing duties that did not generate tips or that are claimed to be outside the tipped occupation. In light of these issues, the value of an immediate recovery outweighs the mere possibility of further relief after pursuing a reversal on appeal and litigating the matter further at the trial court level. The litigation has not yet reached the discovery phase, much less the expensive realm of dispositive motions or trial.

Additionally, the parties are represented by counsel, who have negotiated in good faith and at arm's length, having arrived at the Settlement during a mediation conference with a Conference Attorney from the Seventh Circuit Settlement Conference Office.

Finding that the Settlement Agreement is fair and reasonable, and "reflects a reasonable compromise of disputed issues," *Burkholder,* 750 F. Supp. 2d at 995, the Court approves the Confidential Settlement Agreement and General Release.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Joint Motion to Approve Settlement [ECF No. 60]. Because the Court of Appeals did not expressly dismiss the appeal, jurisdiction remains with the Court of Appeals. *See* Fed. R. App. P. 12.1(b).

SO ORDERED on September 25, 2014.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION